**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 28 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBIN DENISE MONTA, | No. 17-35884 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-05047-MAT |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Mary Alice Theiler, Magistrate Judge, Presiding

Submitted August 26, 2019[**]

Before: FARRIS, TROTT, and SILVERMAN, Circuit Judges.

Robin Monta appeals the district court's affirmance of the Commissioner of

Social Security's denial of her application for disability insurance benefits and

supplemental security income under Titles II and XVI of the Social Security Act

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(Act). We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We review de novo, *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we affirm.

The ALJ proffered specific, clear, and convincing reasons to discredit Monta's testimony, including inconsistency with the objective medical evidence, inconsistent statements concerning Monta's substance use, and an inconsistency between Monta's statement that she spent most of her time alone and her reported activities. *See Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005); *Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001), *as amended on reh'g* (Aug. 9, 2001). Any error in the ALJ's additional reasons was harmless. *See Molina*, 674 F.3d at 1115.

By citing a lack of support in the record, the ALJ gave a specific and legitimate reason supported by substantial evidence for assigning little weight to Dr. Jennifer Irwin's opinion. *See Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (ALJ must consider the degree to which a medical opinion is supported by the record); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (ALJ need not accept a medical opinion that is unsupported by clinical findings). Any error in rejecting Dr. Irwin's opinion as inconsistent with Monta's activities, or because Monta failed to follow through with mental health treatment, was harmless. *See Molina*, 674 F.3d at 1115.

Because Monta failed to challenge the ALJ's evaluation of Dr. Andrew Tsoi's opinion before the district court, the issue is waived. *See Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006).

The ALJ provided germane reasons to assign little weight to opinions from Thomas Young, Monta's chiropractor, as inconsistent with the medical evidence and based on Monta's subjective reports. *See Revels*, 874 F.3d at 655; *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). The ALJ did not err in assigning less weight to Dr. Young's opinion than to the conflicting opinion of consulting physician Gary Gaffield because Dr. Gaffield was an acceptable medical source. *See* SSR 06-03P (S.S.A. Aug. 9, 2006) (where medical opinions conflict, the fact that one is from an "'acceptable medical source' is a factor that may justify giving that opinion greater weight"). Any error in rejecting Dr. Young's opinions as outside his area of expertise or inconsistent with Monta's activities was harmless. *See Molina*, 674 F.3d at 1115. The ALJ provided a germane reason to assign little weight to the opinion of Linda Pelland, Monta's nurse practitioner, as based on Monta's subjective reports and did not err in assigning greater weight to Dr. Gaffield's conflicting opinion. *See Revels*, 874 F.3d at 655; *Tommasetti*, 533 F.3d at 1041. *See also* SSR 06-03P.

The ALJ also provided germane reasons to discount four lay witness statements. The ALJ discounted the testimony of Monta's former roommate "to the

extent that it is not consistent with the medical evidence of record." Because the ALJ cited conflicting medical evidence elsewhere in her opinion, she provided a sufficient reason to discount the roommate's statement. *See Lewis v. Apfel,* 236 F.3d 503, 512 (9th Cir. 2001). The ALJ provided a germane reason to assign little weight to the testimony of Monta's brother as based on Monta's subjective reports. Although Monta contends the ALJ misconstrued the brother's letter, the ALJ's interpretation of the evidence is reasonable. *See Molina*, 674 F.3d at 1111. The ALJ gave germane reasons to assign "some weight" to evidence from two of Monta's friends who stated that Monta had declined but did not elaborate any specific functional limitations.

The ALJ did not err in formulating Monta's residual functional capacity (RFC) or posing hypotheticals to the vocational expert (VE). Monta's arguments concerning the RFC stem from her allegations that the ALJ erred in evaluating the medical opinion evidence. Because Monta did not show harmful error in the earlier analysis, these arguments lack support. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

Finally, Monta fails to show error at step five because the VE's testimony is substantial evidence which supports the ALJ's findings. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005); *Thomas v. Barnhart*, 278 F.3d 947, 955 (9th Cir. 2002). The ALJ's typographical error in a job's Dictionary of Occupational

Titles number was harmless. *See Molina*, 674 F.3d at 1115.

**AFFIRMED.**